IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CHRISTINE MAGA**                                                                  **PLAINTIFF**

vs.                                               No. 1:22-cv-3069

**GAIL'S CARRIAGE HOUSE RESTAURANT, INC.,**            **DEFENDANTS**
**and GAIL JANCZAK**

### ORIGINAL COMPLAINT

Plaintiff Christine Maga ("Plaintiff"), by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint ("Complaint") against Gail's Carriage House Restaurant, Inc., and Gail Janczak (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Cook County.

10. Separate Defendant Gail's Carriage House Restaurant, Inc. ("GCHR"), is a domestic, for-profit corporation.

11. GCHR's registered agent for service of process is Gail Sue Meyers at 1145 Elmhurst Road, Des Plaines, Illinois 60016.

12. Separate Defendant Gail Janczak ("Janczak") is an individual and resident of Illinois.

13. Janczak also goes by the names Gail Meyers and Gail Flemming.

14. Defendants maintain a website at https://gailscarriageinn.com/.

## IV. FACTUAL ALLEGATIONS

15. Defendants own and operate a restaurant in Des Plaines.

16. Janczak is a principal, director, officer, and/or owner of GCHR.

17. Janczak took an active role in operating GCHR and in its management.

18. Janczak, in her role as an operating employer of GCHR, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Janczak, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed

20. During the relevant time, Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as food and beverage products.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated) during each of the three calendar years preceding the filing of this Original Complaint.

22. Defendants were, at all times relevant hereto, Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

23. Plaintiff was employed by Defendants within the three years preceding the filing of this lawsuit.

24. Specifically, Plaintiff worked for Defendants as a Server from February of 2010 until May of 2022.

25. Plaintiff regularly used the instrumentalities of interstate commerce, such as the internet and running customer credit cards, in carrying out her duties. Plaintiff also regularly used her cell phone to communicate with Defendant.

26. Defendants classified Plaintiff as exempt from the provisions of the FLSA.

27. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28. At all relevant times herein, Defendants directly hired Plaintiff to work on its behalf, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. In general, Defendant did not pay Plaintiff an hourly or salary wage.

30. Defendant occasionally paid Plaintiff an hourly rate of between $4.75 and $4.95 for some of the hours she worked in that week.

31. Plaintiff earned tips which constituted the entirety of her pay, except as

noted above.

32. In most weeks in which Plaintiff performed work for Defendant, she received only tips as compensation.

33. Defendants failed to pay Plaintiff a proper minimum wage for all hours worked.

34. Because Plaintiff was paid primarily in tips with no additional hourly wage, she incurred damages in most weeks that she performed work for Defendant.

35. Specifically, but without limitation, Plaintiff incurred damages during the weeks of April 4, April 11, April 18 and April 25, 2022.

36. Defendants knew or should have known that Plaintiff worked hours for which she was not compensated.

37. At all relevant times herein, Defendants did not pay Plaintiff regular wages for all hours worked.

38. Plaintiff regularly or occasionally worked hours over 40 in a week.

39. Defendant did not pay Plaintiff her regular rate of pay for hours worked over 40 in a week.

40. Defendant did not provide a timekeeping system by which Plaintiff could track her time worked.

41. Plaintiff performed all or almost all of her work on Defendant's premises.

42. Defendant knew or should have known that Plaintiff worked hours which went uncompensated.

43. Plaintiff regularly ran errands for Defendant, such as driving to a bakery to buy bread.

44. Defendant did not reimburse Plaintiff for fuel.

45. Defendant often failed to reimburse Plaintiff for the cost of buying the bread.

46. Because Defendant failed to reimburse Plaintiff for the expenses incurred on Defendant's behalf, Defendant unlawfully required Plaintiff to "kick back" that amount to Defendants, creating additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35

47. Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked, and to 1.5x her regular rate for all hours worked over 40 in a week.

48. Defendants knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL and the IWPCA.

### V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

53. During the period relevant to this lawsuit, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

54. Despite the entitlement of Plaintiff to lawful minimum wages under the FLSA, Defendants failed to pay Plaintiff for all hours worked, as required by the FLSA.

55. Despite the entitlement of Plaintiff to overtime premiums under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular hourly rate for all hours worked over 40 in a week, as required by the FLSA.

56. Defendants knew or should have known that their actions violated the FLSA.

57. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

59. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION—VIOLATION OF THE IMWL

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

62. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

63. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

64. Defendants failed to pay Plaintiff a lawful hourly wage for all hours worked in a week as required by the IMWL.

65. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

66. Defendants failed to pay Plaintiff a lawful overtime premium for all hours worked over 40 in a week as required by the IMWL.

67. Defendants knew or should have known that their practices violated the IMWL.

68. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by

the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. THIRD CAUSE OF ACTION—VIOLATION OF THE IWPCA

71. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

72. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

73. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

74. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

75. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

76. Defendant did not pay Plaintiff all wages and final compensation due.

77. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

78. Defendant knew or should have known that its actions violated the IWPCA.

79. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christine Maga respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff, and all monies paid to her;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

C. Judgment for damages for all unpaid wages owed to Plaintiff pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E. An order directing Defendants to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CHRISTINE MAGA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com